CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 31 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEANDRE L'OVERTURE JACKSON, ) | Civil Action No. 7:13-cv-00400 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF ) | |
| VIRGINIA, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

DeAndre L'Overture Jackson, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff names as defendants the Commonwealth of Virginia and Leslie Fleming, Warden of the Keen Mountain Correctional Center ("KMCC"). Plaintiff complains about the KMCC mailroom staff, KMCC officers' alleged deliberate indifference to his safety and failure to properly investigate inmates' attack on him, KMCC medical staff's alleged deliberate indifference to serious medical needs, the Clerk of the Henrico County Circuit Court's alleged refusal to process a petition for a writ of actual innocence, and the Supreme Court of Virginia's denial of his petition for a writ of actual innocence.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the

pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Commonwealth of Virginia is not an appropriate defendant to a § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating states and governmental entities that are considered arms of the state are not persons under § 1983). Also, Plaintiff does not allege any act or omission by Warden Fleming in the Complaint and does not describe how any other person executed Warden Fleming's policies or customs. See, e.g., Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff cannot proceed against Warden Fleming only on a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

The only evidence of Warden Fleming's involvement consists of four grievance responses. Even if the grievances had been incorporated into the Complaint or complied with Rules 8 and 10 of the Federal Rules of Civil Procedures, I do not find that they alone support a claim upon which relief may be granted. The first grievance response explains that Plaintiff received loans from KMCC to pay the postage of legal mail. The second grievance response explains that KMCC mailroom staff should have reviewed Plaintiff's request for indigent services quicker than they had. The third grievance response explains that KMCC mailroom did not delay mailing Plaintiff's legal documents to the Supreme Court of Virginia and that the Clerk of that Court informed prison staff that Plaintiff had met a filing deadline. The fourth grievance response explains that KMCC medical staff tested Plaintiff's blood and that the test results were normal. Therefore, Plaintiff presently fails to adequately describe how Warden Fleming deprived Plaintiff of a civil right. Pursuant to 28 U.S.C. § 1915A(b)(1), I dismiss the Complaint without prejudice.

ENTER: This 31st day of October, 2013.

_Jackson L. Kiser_
Senior United States District Judge